Law Library

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| XEROX CORPORATION,<br><br>               Petitioner,<br><br>    v.<br><br>THE OFFICE OF PUBLIC ACCOUNTABILITY,<br><br>               Respondent. | SPECIAL PROCEEDINGS<br>CASE NO. SP0145-12<br><br><br>**JUDGMENT ON WRIT OF REVIEW** |

This matter came before the Honorable Arthur R. Barcinas on the 19th day of November, 2012, for hearing on writ of review. Attorney Elyze McDonald Iriarte of Carlsmith Ball LLP represented the Petitioner Xerox Corporation ("Xerox"), and Attorney Anthony R. Camacho represented the Respondent, the Office of Public Accountability ("OPA"). The Court now issues the following Judgment on this writ of review.

## I. PROCEDURAL BACKGROUND

The underlying controversy in this case concerns alleged improprieties in the competitive bid process administered by the Guam Department of Education ("DOE") for selecting an office machinery provider for public schools in Guam. The DOE issued Invitation for Bids ("IFB") No. 022-2010, an invitation for bids from prospective contractors to supply various photocopiers and related equipment to Guam public schools. Xerox and Town House

Department Stores, Inc., doing business as Island Business Systems & Supplies ("IBSS"), submitted bids. The DOE awarded the contract to Xerox. Xerox prepared and the DOE approved a purchase order for quantities of photocopiers different from the quantities specified in the original IFB. IBSS protested, arguing that these changes were made in violation of the Guam Procurement Law. The DOE denied this protest on timeliness grounds. IBSS appealed to the OPA. The OPA assumed jurisdiction, ruled in favor of IBSS, and terminated the contract between Xerox and the DOE in its Decision in Appeal No. OPA-PA-11-02. Xerox then petitioned this Court for a writ of review, which this Court granted.

## II. ANALYSIS

### A. Standard of Review

Proceedings on writ of review are governed by 7 GCA Chapter 31, Article I. Under 7 GCA §§ 31102 and 31108, this Court's review of the proceedings below is limited to the question of whether the OPA exceeded its jurisdiction. The Court's review does not reach the merits of the underlying case, focusing instead on the specific jurisdictional challenges raised by Xerox.

### B. OPA's Legal Authority

The OPA's enabling legislation is 1 GCA chapter 19. 1 GCA § 1909(k) provides that the OPA "[s]hall hear and decide all appeals of decisions that arise under 5 GCA § 5425(c), as provide for by 5 GCA § 5425(e)."

The Supreme Court of Guam recently ruled in *Town House Dep't Stores, Inc. v Dep't of Educ.*, 2012 Guam 25, ¶¶ 18-20, that appeals from procurement decisions by the DOE are governed by Articles 9 and 12 of the Guam Procurement Law, 5 GCA chapter 5. That ruling clarified that the OPA's appellate jurisdiction extends to DOE procurement protests.

### C. Xerox's Challenges

Xerox challenges the OPA's jurisdiction on three bases. First, Xerox claims that the DOE is not a "governmental body" as that term is defined in the Guam Procurement Law, and thus that the DOE is not subject to the Guam Procurement Law and that it was improper for the OPA to exercise jurisdiction. Second, Xerox claims that *Town House Dep't Stores, Inc. v Dep't of Educ.*, Supreme Court Case No. CVA 12-021, was a judicial proceeding "concerning the procurement under Appeal" within the meaning of 2 GAR § 12103(b), and that the pendency of that case before the Supreme Court of Guam prohibited the OPA from exercising jurisdiction. Third, Xerox claims that the OPA exceeded its jurisdiction by terminating the contract between Xerox and the DOE without consulting the Attorney General.

#### 1. Applicability of Guam Procurement Law

The Supreme Court's ruling in *Town House Dep't Stores, Inc. v Dep't of Educ.*, 2012 Guam 25 at ¶¶ 18-20, issued while the present case was under advisement, directly disposes of Xerox's argument about the applicability of Guam Procurement Law to DOE appeals. As the Supreme Court stated in that decision, DOE procurement disputes are governed by Guam Procurement Law. Thus, Xerox's first challenge to the OPA's jurisdiction fails.

#### 2. Pending Judicial Proceeding Concerning Procurement Under Appeal

2 GAR § 12103(b) provides that "[i]f an action concerning the procurement under Appeal has commenced in court, the Public Auditor shall not act on the Appeal except to notify the parties and decline the matter due to Judicial involvement." Xerox maintains that *Town House Dep't Stores, Inc. v Dep't of Educ.*, Supreme Court Case No. CVA 12-021, was "an action concerning the procurement under Appeal" within the meaning of 2 GAR § 12103(b), and that the OPA should therefore not have acted on IBSS's appeal in the present case. Xerox

acknowledges that *Town House Dep't Stores, Inc. v Dep't of Educ.*, Supreme Court Case No. CVA 12-021, was an appeal from the OPA's decision regarding DOE IFB No. 006-2010, a separate and distinct IFB from the one that lies at heart of the present case. However, Xerox argues that because the issues on appeal to the Supreme Court in *Town House Dep't Stores, Inc. v Dep't of Educ.*, Supreme Court Case No. CVA 12-021, "concern" the present case in some broad sense that encompasses being relevant to the determination of some legal issues in the present case, the pendency of that case before the Supreme Court should have triggered the jurisdiction-stripping provision of 2 GAR § 12103(b).

The Court does not construe the term "concerning" in 2 GAR § 12103(b) so broadly. The most natural and reasonable understanding of the language of the rule is that it requires the OPA to decline jurisdiction when the particular procurement controversy before it is awaiting resolution by a court of law. It does not strip the OPA of jurisdiction whenever there exists a possibility of a court ruling in any other case that might have some effect on the legal doctrine that would govern the controversy before it, as Xerox seems to urge.

*Town House Dep't Stores, Inc. v Dep't of Educ.*, Supreme Court Case No. CVA 12-021, was not "an action concerning the procurement under Appeal" within the meaning of 2 GAR § 12103(b). Thus, Xerox's second challenge to the OPA's jurisdiction fails.

### 3. Failure to Consult Attorney General

Xerox provides no authority, and the Court can find none, for the proposition that the OPA is required to consult with the Attorney General before issuing a decision terminating a contract. The Court is cognizant of 2 GAR § 9106(1)(b), which provides that "the Chief Procurement Officer, the Director of Public Works, or the head of a Purchasing Agency" may terminate an unlawful contract "after consultation with the Attorney General." Similarly,

Section 9.7.1.1 of the DOE Procurement Regulations provides that the Director of Education may terminate an unlawful contract "after consultation with the Attorney General."

However, even to the extent that these regulations could be read as requiring consultation with the Attorney General as a mandatory prerequisite to termination, they do not, by their plain terms, apply to the OPA. The Court is not convinced that the substitution of the OPA's judgment for that of the Director of Education, through the process of the OPA rendering a decision on duly heard appeal, necessitates that the OPA abide by these regulations, which do not by their terms govern it, and which have no analogues in the statutes or regulations governing the OPA. Thus, Xerox's third challenge to the OPA's jurisdiction fails.

### III. CONCLUSION

Xerox has not demonstrated that the OPA exceeded its jurisdiction in Appeal No. OPA-PA-11-02. Accordingly, the OPA's Decision is AFFIRMED, and all relief requested by Xerox on this writ is DENIED. The Court notes specifically that it makes no findings of fact or conclusions of law and renders no decision or judgment as to the merits of the OPA's decision, which are on appeal in a separate civil suit, Superior Court Case No. CV 0968-12, and that its affirmation of the Decision in Appeal No. OPA-PA-11-02 is limited to its rejection of the jurisdictional objections made by Xerox in this proceeding.

**IT IS SO ORDERED** this _____ day of May, 2013.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam